# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-1235V
### Filed: May 2, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| VINCENT J. CHRISTIANCY,       \* | |
|                            \* | |
|         Petitioner,         \* | Damages Decision Based on Proffer; |
|                            \* | Influenza ("Flu") Vaccine; Shoulder |
|                            \* | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH       \* | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES,         \* | ("SPU") |
|                            \* | |
|        Respondent.       \* | |
|                            \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Matthew N. Menzer, Menzer Law Firm, PLLC, Seattle, WA, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 24, 2014, Vincent J. Christiancy ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury which was caused by the influenza ("flu") vaccine he received on October 16, 2013. Petition at 1-2, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 31, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation. On May 2, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $432,125.90. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $<u>432,125.90</u>, in the form of a check payable to petitioner, <u>Vincent J. Christiancy</u>.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| VINCENT J. CHRISTIANCY,          ) | |
|             ) | |
|       Petitioner,       ) | |
|             ) | |
|     v.              ) | No. 14-1235V |
|             ) | Chief Special Master Nora Beth Dorsey |
| SECRETARY OF        ) | |
| HEALTH AND HUMAN SERVICES,  ) | |
|             ) | |
|       Respondent.      ) | |
| | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.   Compensation for Vaccine Injury-Related Items

Respondent proffers that, based on the evidence of record, petitioner should be awarded $432,125.90. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); -15(a)(3)(A); and -15(a)(4). Petitioner agrees.

### II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made as a lump sum payment of $432,125.90, in the form of a check payable to petitioner.[1] Petitioner is a competent adult. Evidence of guardianship is not required in this case. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

DATE:  May 2, 2016