# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1235V
Filed: October 19, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| VINCENT J. CHRISTIANCY, * | |
| * | |
| Petitioner, * | |
| v. * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Matthew N. Menzer*, Menzer Law Firm, Seattle, WA, for petitioner.
*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 24, 2014, Vincent J. Christiancy ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury which was caused by an influenza ("flu") vaccine he received on October 16, 2013. Petition at 1-2, 6. On May 3, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 35).

On August 26, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 40). Petitioner requests attorneys' fees in the amount of $36,400.00, and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $4,998.24, for a total amount of $41,398.24.  *Id.* at 4, 6-7.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $1,951.44, in out-of-pocket expenses.

On September 9, 2016, respondent filed a response to petitioner's motion.  (ECF No. 43).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $20,000.00,  to $28,000.00," but provides no basis or explanation for how she arrived at this proposed range other than stating that the range was based on "a survey of fee awards in similar cases and her experience litigating Vaccine Act claims."  *Id.* at 3.

On September 19, 2016, petitioner filed a reply.  (ECF No. 44).  Petitioner detailed the factors that made this case "more complex and time consuming than other 'similar' SIRVA cases."  *Id.* at 2.  Petitioner also noted that the final settlement amount is "believed to be substantially greater than the typical SIRVA case."  *Id.* at 4.  Regarding the costs in this case, petitioner explained that a large portion of the costs incurred were paid to petitioner's vocation and rehabilitation expert who helped to establish projected future wage loss and an alternative vocation path for petitioner.  *Id.* at 4-5.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $43,349.68,[3] as follows:**

- **A lump sum of $41,398.24, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Matthew N. Menzer; and**

- **A lump sum of $1,951.44, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.